IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TECHNOLOGY RESEARCH
CORPORATION,

        Plaintiff,

                                 Case No. _____

v.

SHANGHAI ELE MANUFACTURING
CORPORATION,

        Defendant.

## COMPLAINT FOR BREACH OF SETTLEMENT AGREEMENT AND DEMAND FOR JURY TRIAL

Plaintiff Technology Research Corporation ("TRC") for its Complaint against Shanghai ELE Manufacturing Corporation ("ELE") alleges the following:

### I.   NATURE OF THE ACTION

1.   This is an action against the Defendant for breach of contract and unjust enrichment for failing to adhere to the Settlement Agreement between TRC and ELE entered into on August 4, 2008 ("Settlement Agreement"), filed separately under seal pursuant to Local Rule 1.09(a), and to be attached hereto as **Exhibit "A."**

### II.   PARTIES

2.   Plaintiff Technology Research Corporation is a Florida corporation having its principal place of business located at 4525 140th Avenue North, Suite 900, Clearwater, Florida, 33762.

3.      Defendant ELE is a Chinese corporation having its principal place of business located in Shanghai, the People's Republic of China, and based on information and belief more particularly at SEC 2, Xingcheng Industrial Zone, Qingpu, Shanghai, China, 201703.

## III.   JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a). This Court has personal jurisdiction over ELE, because, among other reasons, ELE has consented to personal jurisdiction by: (1) previously bringing suit against TRC in United Stated District Court for subject matter relating to this action, that suit being transferred to this Court and resulting in a Settlement Agreement between the parties; (2) contractually consenting, in a forum selection clause, to personal jurisdiction in this Court for disputes arising under the parties' Settlement Agreement; and (3) subjecting itself to personal jurisdiction under the applicable provisions of federal and Florida state laws. Further, a substantial part of the events or omissions giving rise to the claims asserted occurred here. The amount in controversy exceeds $75,000.00 exclusive of interest, costs and attorneys' fees.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.   BACKGROUND ALLEGATIONS

6.      On February 16, 2007, ELE filed a declaratory judgment action against TRC in the Central District of California seeking a declaration of non-infringement and invalidity of United States Patent No. 6,292,337, titled "Electrical System with Arc Protection" ('337 Patent). The case was transferred to the Middle District of Florida by

Judge R. Gary Klausner on May 18, 2007, as Civil Action No. 8:07-cv-01007-JDW-MSS.

7.        The parties commenced a complex patent infringement action in this Court before Judge Whittemore and the Court eventually ordered the parties to conduct settlement mediation.  As a result of that mediation, the parties entered into a Settlement Agreement on August 4, 2008.   The parties notified the Court the next day of the settlement, and the Court dismissed the case with prejudice on August 15, 2008.

8.        Article 3 of the Settlement Agreement requires quarterly royalty payments to be paid by ELE for so long as the '337 Patent is valid and enforceable, and for payments to be accompanied by a report indicating the sales volume of products covered by the Settlement Agreement.

9.        The '337 Patent has remained valid and enforceable since the execution of the Settlement Agreement and is valid and enforceable today.

10.       ELE made royalty payments pursuant to the Settlement Agreement until September, 2011, although it did not always accompany its payments with the required report.  The last royalty payment TRC received from ELE was in September, 2011.

11.       TRC provided formal notice to ELE that it was in breach of the Settlement Agreement on January 24, 2013, for failure to make the required royalty payments.

12.       ELE responded to the notice from TRC on February 12, 2013, by stating that it would not be paying any royalties for 2012 despite sales of products covered by the Settlement Agreement during 2012.

13.    To date, ELE is continuing to refuse to pay the royalties under the Settlement Agreement.

14.    Under Article 10.9 of the Settlement Agreement the parties consent to the personal jurisdiction of this Court in order to resolve any disputes relating to it. Article 10.7 of the Settlement Agreement designates Tony D. Chen, Esq. as authorized to accept service of documents on behalf of ELE.

## V.    COUNT I—BREACH OF SETTLEMENT AGREEMENT

15.    Plaintiff hereby re-alleges and incorporates paragraphs 1 through 14, above.

16.    The Settlement Agreement is a valid, binding, and enforceable contract.

17.    There is no ambiguity, doubt, or uncertainty with respect to the Settlement Agreement terms.

18.    TRC complied with and performed all of its obligations under the Settlement Agreement.

19.    ELE has refused to perform its part of the contract by failing to provide royalty payments and by failing to provide adequate reports with its royalty payments that substantiate the amounts paid. TRC estimates that the overdue royalties comprise hundreds of thousands of dollars.

## VI.    COUNT II—UNJUST ENRICHMENT

20.    Plaintiff hereby re-alleges and incorporates paragraphs 1 through 14, above.

21.      ELE has been unjustly enriched by not paying its royalty payments to TRC since September of 2011 at the expense of TRC and by failing to provide adequate reports to substantiate the payments that it did make.  TRC estimates that the overdue royalties comprise hundreds of thousands of dollars.

22.      ELE is selling devices that practice the claimed inventions of the '337 Patent without paying royalties to TRC as is required under the Settlement Agreement.

23.      ELE admittedly knows it is practicing the claimed inventions in the '337 Patent without paying the agreed upon royalties to TRC as evidenced at least by the Settlement Agreement itself, ELE's prior royalty payments, and ELE's February 12, 2013 correspondence.

## VII. JURY DEMAND

TRC demands a trial by jury.

## VIII. PRAYER FOR RELIEF

TRC demands judgment against ELE, and against their respective subsidiaries, affiliates, agents, servants, employees, licensees, and all persons acting or attempting to act in concert or participation with them or acting on their behalf, granting the following relief:

A.     A judgment in favor of TRC that ELE has breached its Settlement Agreement.

B.     A judgment in favor of TRC that ELE has been unjustly enriched by failing to pay the required royalty payments since at least September 2011.

C.      An order requiring ELE pay its past royalties with the interest specified in

the Settlement Agreement.

D.      Additional interest, costs, and such other relief as this Court deems

appropriate

Dated: April ⁹, 2013.                           **BAKER & HOSTETLER LLP**

By: _____

Denis L. Durkin, Esq.
Florida Bar No. 0237132
ddurkin@bakerlaw.com
Coleman W. Watson, Esq.
Florida Bar No. 0087288
cwatson@bakerlaw.com

Baker & Hostetler LLP
SunTrust Center, Suite 2300
200 South Orange Avenue
Post Office Box 112
Orlando, Florida 32802-0112
Telephone: 407.649.4000
Facsimile:  407.841.0168

*Attorneys for Plaintiff*
*Technology Research Corporation*

077237, 000006, 602103571